IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>v. )<br>  ) 15 CR 72-37<br>KASH LEE KELLY, ) Judge Philip P. Simon<br>  )<br>  )<br>Defendant. ) | |

## KASH KELLY'S SENTENCING MEMORANDUM

Now Comes Defendant, KASH KELLY, by and through his attorney, JOSHUA B. ADAMS, and respectfully requests pursuant to 18 U.S.C. § 3553(a), and *United States v. Booker*, 543 U.S. 220 (2005) and its progeny, that this Court set Mr. Kelly's total offense level at , a Criminal History category IV and sentence Mr. Kelly to a term of one year and one day imprisonment. Mr. Kelly contends that such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing and is supported by the circumstances of the offense, Mr. Kelly's personal characteristics and family history.

**I. Sentencing Request**

Kash Lee Kelly turned his life around from the young and brash teenager to a responsible and loving father. By the time the government charged Mr. Kelly in this case, he left the gang life, shunned the Latin Kings, and worked hard to overcome the mistakes of his youth. For his conduct that brings him

before this honorable court he is remorseful and ashamed. Over the past four years, Mr. Kelly demonstrated to the court and the government that he is reformed. Mr. Kelly has created a message of peace and unity through his social media platforms. He has spoken to groups and promoted a culture of non-violence. Plainly put, he is not the same person when he first appeared before this honorable court.

Mr. Kelly respectfully requests a sentence of one year and a day in custody. As described below, this sentence is adequate, but not greater than necessary to achieve the sentencing goals of §3553(a).

### III. A SENTENCE OF ONE YEAR AND ONE DAY IMPRISONMENT IS SUFFICENT TO ACHIEVE THE PURPOSES OF PUNISHMENT STATED IN 18 U.S.C. §3553(a).

In *United States v. Booker*, the Supreme Court effectively rendered the United States Sentencing Guidelines (USSG) advisory.  543 U.S. 220 (2005). However, the sentencing court is still required to follow the list of factors enumerated in § 3553(a). In *Rita v. United States*, the Court held that district court judges are required "to 'impose a sentence sufficient, but not greater than necessary, to comply with the basic aims of sentencing in § 3553(a)." 127 S.Ct. at 2469.

Post-*Booker*, the district court should place "no limitation" on the information concerning the background, character, and conduct of a person convicted of an offense.  *See* 18 U.S.C. § 3661; *Booker*, 125 S.Ct. at 760. There are several "individual characteristics . . . not ordinarily considered under the

Guidelines," but are still "matters that § 3553(a) authorizes the sentencing judge to consider." *Rita*, 127 S.Ct. at 2473 (Stevens, J., concurring). With these principles in mind, we turn to Mr. Kelly's proposed sentence.

*1.    The nature and circumstance of Mr. Kelly's personal history and characteristics mandate a below guidelines sentence.*

Mr. Kelly left the Latin Kings in 2010. PSI., ¶41. In fact, according to the PSI, his most recent criminal conviction occurred in 2009, eight years before his indictment in this case. PSI., ¶ 45. Since 2010, Mr. Kelly turned his life around. He became more involved in his children's lives, preaches peace and unity among all races. In every sense, Kash turned his life around. He is no longer the Latin King gang member who carried a gun and sold drugs. He is a responsible and caring father.

As a young boy still learning how to deal with emotions, Kash witnessed some of the most brutal, horrific and terrifying acts of violence any young child could see. His life story is unfortunately not uncommon for many young men who decided to become gang members. In fact, at the very young age of three years old, Kash's father was murdered. PSI., ¶ 58. He did not have a father figure to raise him and show him how a man should behave. Instead, the streets and in turn, the Latin Kings, assumed that role. Kash even stated that he was "raised in a neighborhood infested with crime, drugs, and violence." PSI., ¶58.

Not only did Kash observe violence on the streets of his neighborhood, but he also suffered at home as well. Kash's stepfather abused the young boy both

physically and mentally. PSI., ¶59. To make matters worse, his mother, the one person a young boy should be able to depend on for love, comfort and security suffered her own drug addiction. Because of this, Kash lacked any semblance of a family, without any love, support or guidance.

Kash fared no better outside his home. He saw his grandfather get struck by a car, and his grandmother high on prescription medication. He even saw a Latin King shoot a rival gang member. Kash was 6 years old at the time. No six-year-old should ever have a front seat to such violence and depravity.

Against this backdrop, it is no wonder Kash chose a life on the streets. The Latin Kings were the only group that provided a sense of family, as dysfunctional as that may sound. However, seven years between his exit from the Latin Kings until his indictment, Kash lived a life free from gangs. He started to raise his children and become a positive influence in their lives. He is a devoted husband and is trying to give his children the comfort and security he lacked growing up.

Moreover, within the past year Kash has taken to social media to preach a message of non-violence and unity. This is in stark contrast to his life as a Latin King. In his words and his conduct, Kash has rehabilitated himself already. He realized the errors he committed as a young man. Now as an adult, he wishes to continue to act as a voice of peace and prosperity and influence young men in his community to not take the path he took. To choose peace over violence and togetherness rather than gang warfare. Because Kash has demonstrated to this

honorable court that he has rehabilitated himself, a sentence below the 46 months advisory guideline range achieves the sentencing goals of §3553(a). A sentence of one year and one day allows Kash to pay his debt, but also return him home to his family.

2. *Mr. Kelly requires mental health treatment not more prison time*

Kash's criminal history can be attributed to his untreated mental health issues and tragic family history. He reported that he suffers from anxiety, depression, and anger issues due to his "turbulent and abusive childhood." PSI., ⁋ 77. He should not simply be dismissed as a bad egg or an individual who has not learned from his prior convictions. Without a stable home life or two, much less one, loving parent growing up, Kash's story is one all too familiar. He dropped out of school before he even began high school and fell in with the streets. Along with a life on the streets comes trouble, including drugs, violence and ultimately criminal convictions. He is only 31 years old. Kash is deserving of a second chance, of a *true* chance which he has yet to receive. He deserves to have the opportunity to show this court that with treatment and stability at home, he can lead a healthy and productive life.

3. *The need for specific or general deterrence*

The Supreme Court in *Graham v. Florida* stated that "a sentence lacking any legitimate penological justification is by its nature disproportionate to the offense." 560 U.S. 48, 71 (2010). In the light of this, it has been increasingly recognized that it is the certainty, rather than severity, of punishment that

achieves deterrence. In May 2016, the U.S. Department of Justice's National Institute of Justice published a fact sheet entitled Five Things About Deterrence, which summarized the research that has been done on deterrence. Three things are particularly important to note: 1) the certainty of being caught is a vastly more powerful deterrent than punishment; 2) sending an individual convicted of crime isn't a very effective way of deterring crime; and 3) increasing the severity of punishment does little to deter crime. Thus, the arrests that were made in this case have already had as much impact as possible on general deterrence.

For Kash, this will be the longest term of incarceration he has ever received. The likelihood that a defendant will engage in future criminal conduct is "a central factor that district courts must assess when imposing sentence." Pepper v. United States, 562 U.S. 476, 492 (2011). Any term of imprisonment he receives from this court will have a deterrent effect on him. A sentence of one year and one day imprisonment will provide Kash the opportunity to receive mental health and substance abuse treatment.

A lengthy sentence only serves as retribution instead of rehabilitation. Everyone can agree that society benefits if Kash is given the tools to succeed as a positive influence for his family and provides for them, within the realm of the law. Kash is surrounded by people who love and care for him and want to see him succeed. Most importantly, they want Kash back in their lives and at home.

                                        Respectfully submitted,

                                        /s/Joshua B. Adams  
                                        Joshua B. Adams  
                                        Counsel for Kash Lee Kelly

Joshua B. Adams  
LAW OFFICES OF JOSHUA B. ADAMS, P.C.  
53 W. Jackson Blvd., Suite 1615  
Chicago, IL 60604  
(312) 566-9173