IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 15 CR 72-37 |
| KASH LEE KELLY, | ) | Judge Philip P. Simon |
| | ) | |
| | ) | |
| Defendant. | ) | |

# KASH KELLY'S RESPONSE TO
# GOVERNMENT'S AMENDED SENTENCING MEMORANDOM

Now Comes Defendant, KASH KELLY, by and through his attorney, JOSHUA B. ADAMS, and respectfully objects to the government's request to deny Mr. Kelly his three points for acceptance of responsibility. In support of his brief, Mr. Kelly states the following.

**I. Plea Agreement**

Mr. Kelly plead guilty in June 2017. At that plea colloquy, the court stated

> "one of the factors under the sentencing guidelines that I have to take into consideration when we compute your guideline range, is whether or not you have accepted responsibility for having *committed this crime*. . .
>
> Let's say, next week you go and commit another crime . . those would be examples that would suggest

>to the government that you are not really accepting responsibility; and if you did something like that, they would not be bound to ask me to give you a lower sentence on that basis.

Change of Plea, pp. 8-9. (emphasis added.

For the next 6 years, Mr. Kelly accepted responsibility as it related to this case before this honorable court. Mr. Kelly lived up to his requirements under the plea agreement. He cooperated with the government and provided useful and valuable information.

Then, on January 6, 2021, Mr. Kelly traveled to Washington D.C., and posted pictures on his social media accounts that appear to place him in the Capitol building. The District Court of the District of Columbia subsequently charged him with two misdemeanors. He has not yet been arraigned on those cases. He will be sent to the District of Columbia after he is sentenced in this case.

## II. Mr. Kelly is entitled to 2 or 3 points for acceptance of responsibility.

1. Mr. Kelly accepted responsibility for the charged conduct

Section 3E1.1(a) provides that "if a defendant clearly demonstrates acceptance of responsibility of his offense" the court should decrease the offense level by two levels." Factors the sentencing court considers in whether to give this reduction include "(g) post-offense rehabilitative efforts; and (h) the timeliness of the defendant's conduct in manifesting

the acceptance of responsibility." USSG §3E1.1, n. 1; *see United States v. Sullivan*, 916 F.2d 417, 420-21 (7th Cir. 1990).

Mr. Kelly's rehabilitation from a gang banging teenage to a caring father is described in his sentencing memorandum. Dkt# 2859. Counsel will not repeat that here. Mr. Kelly accepted responsibility for his conduct before this honorable court. For six years, he cooperated with the government, provided useful information and never mitigated his conduct to which he plead guilty. He stayed away from gangs, drugs, and violence. Moreover, even after his arrest on the new charges, he continued to cooperate. He agreed to speak with the FBI about his conduct in the District of Columbia. In fact, if he were to plead guilty in that case, he would be entitled to at least a 2-point reduction for acceptance.

The new advisory guideline range is virtually double from that in the PSI. Instead of 46 months on the low-end of the advisory guidelines, the government now seeks 87 months imprisonment. This sentencing request ignores the years of cooperation from Mr. Kelly and his rehabilitation from criminal conduct. It is in fact, greater than necessary to achieve the sentencing goals of §3553(a).

        Respectfully submitted,

        /s/Joshua B. Adams
        Joshua B. Adams
        Counsel for Kash Lee Kelly

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
(312) 566-9173